UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____             │
│ DATE FILED: ⌐ ⌐ ⌐ ⌐             │
└─────────────────────────────────┘
```

BERT VLADIMIR, individually and on
behalf of all others similarly
situated,

                    Plaintiff,

          - against -

CAMBELL COWPERTHWAIT and U.S. TRUST
COMPANY, N.A.,

                    Defendants.

06 Civ. 5863 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

The plaintiff Bert Vladimir brings this purported class

action asserting a single claim for breach of contract against

the defendants, Campbell Cowperthwait ("Campbell") and U.S.

Trust Company, N.A. ("U.S. Trust"), arising from the defendants'

alleged mismanagement of approximately $600,000 of the

plaintiff's assets, which the plaintiff maintained in a Managed

Assets Consulting Services ("MACS") account that he had with

non-party Prudential Securities, Inc. ("Prudential").[1]  On

January 20, 2000, the plaintiff entered into a client agreement

with Prudential, in which the plaintiff established the MACS

account at Prudential and designated Campbell as the investment

manager for the assets in the account. (See Compl. Ex. A (the

---

[1] The defendant Campbell is alleged to be a "division" of defendant U.S.
Trust.  Campbell, according to the plaintiff, was responsible for managing
the investments at issue in this case.  (See Compl. ¶ 22.)  References in
this opinion to Campbell should be construed as a collective reference to the
defendants.

1

"Client Agreement").)   Campbell's relationship with Prudential
was governed by a separate, management agreement, dating back to
July 1998, in which Prudential agreed to present Campbell as an
investment management option for Prudential clients, such as the
plaintiff, desiring those services, and Campbell agreed to
provide those services.   (See Compl. Ex. B (the "Management
Agreement").)

The plaintiff's breach of contract claim is based on two
theories.   (See Compl. ¶ 32.)   First, the plaintiff alleges that
these separate agreements--the Client Agreement and the
Management Agreement--established a contract between the
plaintiff and Campbell, which Campbell breached by allegedly
mismanaging the plaintiff's assets.   Second, in the alternative,
the plaintiff asserts a claim for breach of contract as a third-
party beneficiary of the Management Agreement between Prudential
and Campbell.   The defendants move to dismiss the plaintiff's
breach of contract claim pursuant to Federal Rule of Civil
Procedure 12(b)(6), and in the alternative, seek to stay this
proceeding pending resolution of a related action in New York
state court.   For the following reasons, the defendants' motion
is **denied**.[2]

---

[2] On the basis of the present allegations, supplemented by the
plaintiff's letter dated June 29, 2007 and the representations at oral
argument on June 27, 2007, jurisdiction of this action is proper pursuant to
the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").   The Court does

2

Based on the present allegations, the plaintiff has, at the
very least, pleaded a plausible claim that the plaintiff was an
intended third-party beneficiary of the Management Agreement
between the defendants and Campbell and thus entitled to assert
a claim for breach of the Management Agreement.[3]  See, e.g.,
Flickinger v. Harold C. Brown & Co., Inc., 947 F.2d 595, 600 (2d
Cir. 1991) ("Where performance is to be rendered directly to a
third party under the terms of an agreement, that party must be
considered an intended beneficiary." (quoting Cauble v. Mabon
Nugent & Co., 594 F. Supp. 985, 991 (S.D.N.Y. 1984))); see also
Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)
(stating that the plaintiff must plead "enough facts to state a
claim to relief that is plausible on its face"); Cress v.
Wilson, No. 06 Civ. 2717, 2007 WL 1686687, at *3-*4 (S.D.N.Y.
June 6, 2007) (discussing the applicable standards on a motion
to dismiss pursuant to Rule 12(b)(6)).

The defendants argue that the provisions of the Management
Agreement that the plaintiff relies upon to establish a breach
did not create any contractual duties.  The plaintiff alleges
that the defendants breached the Management Agreement by failing

---

not at this time address the class allegations or the issue of class
certification.

[3] The parties agree that New York substantive law applies to this
action, and the Court accepts that agreement.  See Cofacredit, S.A. v.
Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 239 n. 4 (2d Cir. 1999);
Tehran-Berkeley Civil & Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton,
888 F.2d 239, 242 (2d Cir. 1989).

3

adequately to diversify the plaintiff's investment portfolio. According to the plaintiff, this lack of diversification contravened certain investment guidelines incorporated by reference into the Management Agreement, which the plaintiff alleges were terms of the contract and which the defendants were required to meet.  The defendants contend that these investment guidelines were just that, guidelines, and not enforceable contract terms, relying in part on investment policy statements that the defendants deem "disclaimers" of contractual obligation.  However, these alleged "disclaimers" are not "sufficiently unambiguous" that the plaintiff's claim "may be dismissed as a matter of law."  Cf. Baron v. Port Auth. of N.Y. & N.J., 271 F.3d 81, 88 (2d Cir. 2001).  At this stage, the plaintiff has pleaded sufficient facts to establish a claim, plausible on its face, that these investment policies established contractual obligations that the defendants breached.

The plaintiff has sufficiently pleaded a claim for breach of contract based, at the very least, on the Management Agreement, which the plaintiff is entitled to enforce as a third-party beneficiary of that agreement.  Therefore, the defendants' motion to dismiss the plaintiff's breach of contract claim pursuant to Rule 12(b)(6) is **denied**.

4

In the alternative, relying on the doctrine established in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) and its progeny, the defendants seek to stay this action pending the resolution of a related proceeding in New York state court. See, e.g., Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15-16 (1983). However, "[f]ederal district courts have an unflagging duty to adjudicate matters properly within their jurisdiction, and are not to decline jurisdiction simply because the issues presented may be decided in another forum." Greater New York Metro. Food Council v. McGuire, 6 F.3d 75, 77 (2d Cir. 1993) (citing Colorado River, 424 U.S. at 813-14). "The obligation to shoulder the jurisdictional burden is not one lightly to be renounced. A district court may abdicate its duty only in exceptional circumstances." Id. (emphasis added); see also De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989) (explaining the six factors that courts must consider in analyzing whether to grant a Colorado River stay).

In this case, carefully balancing all of the relevant factors and weighing the balance heavily in favor of exercising jurisdiction, the defendants have not established exceptional circumstances to warrant a Colorado River stay. In particular, although the state action is based on many of the same underlying facts as the federal action, the two cases present

non-identical causes of action, thus undercutting any argument
that the litigations are simply duplicative.  Moreover, the
state court action is presently stayed.  Staying the federal
action would, at least temporarily, preclude the plaintiff from
proceeding in either forum on any claim for relief.  In light of
these circumstances and considering all of the other relevant
factors, the defendants' request for a stay is **denied**.

The Court has carefully considered all of the defendants'
arguments and, to the extent not fully addressed in this
opinion, finds them to be moot or without merit.  For all of the
reasons explained above, the defendants' motion to dismiss and,
in the alternative, for a stay is **denied**.

SO ORDERED.

Dated:      New York, New York
            July   2, 2007

                                        John G. Koeltl
                                United States District Judge

6